UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER L. ANDREWS** | : | |
| f/k/a Jennifer L. Coty | : | |
| 3820 Longton Dr. | : | |
| Columbus, Ohio 43221 | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 16-804 |
| | : | |
| **RELIANT CAPITAL** | : | |
| **SOLUTIONS, LLC** | : | |
| c/o Margie Brickner, Statutory Agent | : | |
| 750 Cross Pointe Rd., Suite G | : | |
| Gahanna, Ohio 43230 | : | **JURY DEMAND ENDORSED** |
| | : | **HEREON** |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes JENNIFER L. ANDREWS, f/k/a Jennifer L. Coty ("Plaintiff"), and states for her COMPLAINT against RELIANT CAPITAL SOLUTIONS, LLC ("Reliant") as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the federal laws of the United States.

2. Venue is appropriate because the acts, transactions and communications at issue occurred in Franklin County, Ohio and because Plaintiff resides in Franklin County, Ohio.

### ALLEGATIONS

3. On or around June 17, 2011, Plaintiff executed a promissory note for $30,000.00 ("Note") payable to the Ohio State University ("OSU").

1

4. Execution of the Note was a pre-condition to Plaintiff's participation in an OSU teacher residency program offered in the College of Education and Human Ecology and referred to as "Project ASPIRE".

5. The purpose of Project ASPIRE was to recruit teacher residency participants like Plaintiff to become teachers in "high-need schools", such as those in the City of Columbus, Ohio.

6. OSU received significant federal funding through the U.S. Department of Education to establish Project ASPIRE.

7. Under the Project ASPIRE program, a qualified recipient would receive a stipend subject to the terms and conditions of a "Service Agreement" and of the Note.

8. Plaintiff executed her Project ASPIRE Service Agreement on June 17, 2011.

9. The Service Agreement stated, *inter alia*, that the recipient is not required to repay the stipend if the recipient serves as a fulltime teacher in a high-need school for at least three (3) years following completion of the teacher residency.

10. However, a failure to comply with the above and other conditions of the Service Agreement could result in a required payment of the balance owed on the stipends under the Note.

11. The Note and Service Agreement state that if the balance becomes due it must be repaid together with interest at the rate of 7%, plus "collection costs".

12. The Note states that it is to be governed by the laws of Ohio.

13. In March 2012, Plaintiff exited the Project ASPIRE program

14. On March 14, 2012 Plaintiff was notified by letter that she would be required to repay the balance of her stipend.

15. At some point thereafter, OSU certified the unpaid amount due by Plaintiff to the Attorney General of Ohio ("OAG").

16. The OAG thereafter engaged Reliant to collect the debt.

17. On or around September 15, 2015, Reliant sent Plaintiff a "collection notice" demanding payment of a "total balance due" of $34,670.88.

18. Reliant broke down the balance as $19,700.00 in unpaid principal, $1,240.36 in interest, $12,239.81 in "collection costs", and something Reliant referred to as "penalties" in the amount of $1,490.71.

19. The "collection costs" and "penalties" figures demanded equate to more than 69% of the alleged, principal balance.

20. Upon information and belief, the $12,239.81 in "collection costs" includes (at a minimum), the entire contingency-based collection fee expected by Reliant pursuant to its Third Party Collection Vendor Retention Agreement with the OAG ("Vendor Retention Agreement").

21. Under Reliant's Vendor Retention Agreement, it appears that Reliant would be paid for its services based upon a 21% contingency rate. The "collection costs" figures in the September 15, 2015 letter indicates that Reliant was seeking recovery collection cost sums representing more than 55% of the unpaid debt.

22. On or around November 6, 2015, and in response to Plaintiff's inquiries concerning the exorbitant, collection costs and penalties, the OAG, on behalf of Reliant, stated that the "formula used for assessing costs is **embedded in our collection system** and it charges the costs of collecting, including costs, penalties and interest, against the responsible party in an effort to make the client whole".

23. Upon information and belief, the phrase "our collection system" refers to the OAG's computer collection system used to account for recovery of debts certified to the OAG for collection by various State of Ohio creditors like OSU.

24. Upon further information and belief, the term "embedded" means that the OAG has adopted an arbitrary formula/algorithm and has programmed his computer collection system with the formula/algorithm to quickly compute the balances on debts certified to the OAG and owed to the State of Ohio.

25. Upon further information and belief, the OAG relies upon Ohio Revised Code §§109.081 and 131.02 to "authorize" recovery of "collection costs" from consumers like Plaintiff.

    a. In pertinent part, R.C. §109.081 states:

    Up to eleven per cent of all amounts collected by the attorney general, whether by employees or agents of the attorney general or by special counsel pursuant to section 109.08 of the Revised Code, on claims due the state shall be paid into the state treasury to the credit of the attorney general claims fund, which is hereby created. The attorney general, after consultation with the director of budget and management, shall determine the exact percentage of those collected amounts that shall be paid into the state treasury to the credit of the fund. The fund shall be used for the payment of expenses incurred by the office of the attorney general.

    b. In pertinent part, R.C. §131.02(A) states:

    Except as otherwise provided in section 4123.37, section 5703.061, and division (K) of section 4123.511 of the Revised Code, whenever any amount is payable to the state, the officer, employee, or agent responsible for administering the law under which the amount is payable shall immediately proceed to collect the amount or cause the amount to be collected and shall pay the amount into the state treasury or into the appropriate custodial fund in the manner set forth pursuant to section 113.08 of the Revised Code. Except as otherwise provided in this division, if the amount is not paid within forty-five days after payment is due, the officer, employee, or agent shall certify the amount due to the attorney general, in the form and manner prescribed by the attorney general, and notify the director of budget and management thereof. In the case of an amount payable by a student enrolled in a state institution of higher education, the amount shall be certified within the later of forty-five days after the amount is due or the tenth day after the beginning of the next academic semester, quarter, or other session following the session for which the payment is payable. **The attorney general may <u>assess the collection cost to the amount certified</u> in such manner and amount as prescribed by the attorney general**. If an amount payable to a political subdivision is past due, the political subdivision may, with the approval of the attorney general, certify the amount to the attorney general pursuant to this section.

.

26. The Ohio Revised Code §§109.081 and 131.02 are not tantamount to fee and cost-shifting statutes. They do not expressly or impliedly authorize the OAG or its collection representatives like Reliant to attempt to pass on collection costs (to say nothing of penalties) to consumers on consumer transactions.

27. Neither the Note nor the Service Agreement, nor any other law, permit Reliant (or OSU) to recover "penalties".

## COUNT I – 15 U.S.C. §1692e

28. All statements made in all preceding paragraphs are hereby incorporated into this COUNT as if fully rewritten.

29. Plaintiff is a consumer within the meaning of 15 U.S.C. §1692a(3).

30. The obligation owed to OSU is a debt within the meaning of 15 U.S.C. §1692a(5).

31. Reliant is a debt collector within the meaning of 15 U.S.C. §1692a(6).

32. The letter referenced herein is a communication within the meaning of 15 U.S.C. §1692a(2).

33. In violation of 15 U.S.C. §1692e(2)(A), Reliant falsely represented both the character and amount of the debt owed by Plaintiff by seeking recovery of $12,239.81 in undefined "collection costs".

34. In violation of 15 U.S.C. §1692e(2)(A), Reliant falsely represented both the character and amount of the debt owed by Plaintiff by seeking recovery of $1,490.71 in "penalties".

35. In violation of 15 U.S.C. §1692e(2)(B), Reliant falsely represented that Plaintiff should be legally obligated to compensate Reliant for the collection of a debt, or legally obligated to pay Reliant a penalty.

36. Reliant is liable to Plaintiff for all actual and statutory damages permissible under 15 U.S.C. §1692k(a)(1) and all costs and reasonable attorney fees permissible under 15 U.S.C. §1692k(a)(3).

37. Plaintiff has suffered actual damages, including but not limited to, the misapplication of her payments to unlawful costs and penalties, embarrassment and distress, and missed work-time spent attending to Reliant's unlawful activities.

WHEREFORE, Plaintiff seek judgment against Reliant for the reasons set forth herein, plus any other relief to which she may be legally and equitably entitled.

### JURY DEMAND

Plaintiff hereby demands a jury for all issues triable.

Dated this 18th day of August 2016.

Respectfully submitted,

NOBILE & THOMPSON CO., L.P.A.

  /s/ James E. Nobile
Eric E. Willison (#0066795)
Michael B. Zieg (#0066386)
James E. Nobile (#0059705)
4876 Cemetery Road
Hilliard, Ohio 43026
Phone:  614.529.8600
Fax:  614.629.8656
eewillison@earthlink.net
mzieg@ntlegal.com
jenobile@ntlegal.com
*Attorneys for Plaintiffs*